George POMEROY, Plaintiff,

v.

CIMARRON INSURANCE COMPANY, Inc., Defendant.

Civ. A. No. 6380.

United States District Court, W. D. Oklahoma.

Feb. 24, 1955.

Stagner & Alpern, Oklahoma City, Okl., for plaintiff.

Butler, Rinehart & Morrison, Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

Plaintiff, George Pomeroy, instituted this action to recover $4,000 allegedly due under a fire policy issued by the defendant, Cimarron Insurance Company.[1] After proper notice as required by the Rules,[2] plaintiff presented a "Motion for Summary Judgment" wherein he urged that under the existing state of the record, inclusive of pleadings, answered interrogatories and depositions, no genuine issue of fact remained and that plaintiff was entitled to judgment as a matter of law. After oral argument the motion was taken under advisement.

It is uncontroverted that the sued upon fire insurance policy was written up by the defendant company and delivered to plaintiff's agent;[3] and, that insofar as shown by the policy itself the fire loss in

1. Policy No. 35–17328.

2. See Civ.Rule 56(c), 28 U.S.C.A.

3. The policy was obtained for plaintiff by S. J. Brand, an insurance broker. At the time Brand obtained the policy in question from the defendant company, Brand was acting as plaintiff's agent, and was not an agent of the defendant company.

question occurred during the period of time covered by said policy.[4]

By way of defense defendant asserts that the policy, although delivered to plaintiff's agent, was delivered with the intent of only insuring new draperies and new seats to be purchased by the defendant and that such purchases were a condition precedent to the policy becoming effective.

 The Court in reading the description of the property to be covered by the policy has determined as a matter of law that the policy as written insured *all contents* at the designated location "including New Draperies, New Seats, and other Furnishings" and was not intended to just insure "New Draperies, etc."; and, the defendant will not be permitted to introduce parol evidence in an effort to show the intent of the contracting parties as to the property covered.[5] However, the Court will not at this time give judgment to the plaintiff inasmuch as the defendant is entitled to an opportunity to make proof that as a condition precedent to the policy coming into effect new draperies and new seats were to be purchased by the plaintiff.[6] Although parol evidence cannot be used to vary the unambiguous terms of an insurance contract, extrinsic evidence

may be introduced to show just when the insurance contract was to go into effect.[7]

Plaintiff's motion for summary judgment should be overruled.

4. The period of insurance shown in the policy was from May 10, 1954 to May 10, 1955. The fire in question took place May 23, 1954.

5. The description of the property to be insured reads: "On Contents including New Draperies, New Seats, and other Furnishings incidental to the contents of a theatre located in the one story, approved, frame building occupied by the owner as a theatre at 2420 N. W. 39, Oklahoma City, Oklahoma."

6. " * * * parol evidence is admissible to show that the delivery of a policy was merely conditional and was to take effect only upon compliance with certain conditions or upon occurrence of certain contingencies. Such evidence is not a contradiction or variation of the written contract by parol, since the parol evidence goes to the very existence of the contract by tending to show that no valid and en-

forceable contract of insurance had come into existence." 29 Am.Jur. § 1503, p. 1128. See also 95 A.L.R. p. 472 dealing with "Right of insurer to show that delivery of policy was conditional" and cases cited therein.

7. As the Court now views it, the question of delivery is not controlling except insofar as it implies the true intention of the contracting parties. The basic issue is, "Was a contract of insurance entered into between the parties?" Where, as here, plaintiff's evidence demonstrates that a policy was written up by the insurer and delivered to the insured's agent, the defendant insurer where relying upon the failure of a condition precedent must come forward and establish there was no intent that the policy become effective prior to the fulfillment by plaintiff of a condition precedent and that such condition was never met.